## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

WILLIAM PRIGMORE,                    )
                                     )
                Plaintiff,           )
v.                                   )          Civil Action No. 5:22-00331
                                     )
WARDEN BRYAN K. DOBBS, *et al.*,     )
                                     )
                Defendants.          )

## ORDER TRANSFERRING CASE

On August 8, 2022, the Court filed what it construed as a letter-form Complaint seeking relief pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) In his letter-form Complaint, Plaintiff appears to allege that prison officials at FCI Beaumont are acting with deliberate indifference to his personal safety in violation of his Eighth Amendment rights. (<u>Id.</u>) Plaintiff first complains that he is "locked in [his] cell 24-7 with a dangerous criminal who makes and carries knives." (<u>Id.</u>) Second, Plaintiff alleges that employees of FCI Beaumont "abuse [him] non-stop." (<u>Id.</u>, p. 2.) Third, Plaintiff states that staff at FCI Beaumont are denying Plaintiff appropriate treatment for his "headaches, tooth pain, and back/neck pain." (<u>Id.</u>) Finally, Plaintiff alleges that he is awaken "almost nightly" and raped by multiple staff members at FCI Beaumont." (<u>Id.</u>)

By Order entered on August 8, 2022, the undersigned directed Plaintiff, if he wished to proceed with a <u>Bivens</u> action concerning incidents occurring at FCI Beaumont, to file a form Complaint specifying the names of individual Defendant(s) and stating specific facts as to how

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

each defendant violated his constitutional rights. (Document No. 2.) On September 20, 2022, Plaintiff filed his Amended Complaint naming the following as defendants: (1) Warden Bryan K. Dobbs, FCI Beaumont; (2) Multiple unknown agents of the BOP; and (3) Multiple contractors and outside visitors of the FBOP. (Document No. 7.) Plaintiff appears to allege that Defendants are acting with deliberate indifference to his personal safety in violation of his Eighth Amendment rights. (Id.) Plaintiff alleges that Warden Dobbs instructs people daily to "taunt, harm, disrespect, rape and abuse [Plaintiff]." (Id.) Plaintiff contends he "was housed with a dangerous criminal who made and carries knives and was/is a G.D. gang leader." (Id.) Plaintiff claims that the gang leader's "previous associate" assaulted Plaintiff and Plaintiff was unable to defend himself. (Id.) Plaintiff further asserts that the gang leader mentally and physically abuses Plaintiff. (Id.) Specifically, Plaintiff states that on September 12, 2022, the gang leader "kicked me at the cell." (Id.) Next, Plaintiff alleges staff at FCI Beaumont are denying Plaintiff appropriate treatment for his tooth pain, headaches, back/neck pain, and depression. (Id.) Finally, Plaintiff states that "I'm almost nightly awakened and raped by multiple staff members, multiple times day and night." (Id.)

 In a Bivens claim, venue is established by 28 U.S.C. § 1391(b). See Simpson v. Federal Bureau of Prisons, 496 F.Supp.2d 187, 193 (D.D.C. 2007)(citing Stafford v. Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980)). Section 1391(b) provides as follows:

(b)   A civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district which any defendant is subject to the court's personal jurisdiction with respect to such action.

2

Accordingly, Plaintiff's <u>Bivens</u> action may be heard in a venue where all defendants reside, or in the venue where the issue substantially arose.

Upon initial screening, Plaintiff appears to be primarily challenging events that are occurring during his confinement at FCI Beaumont, which is located in Beaumont, Texas. Thus, "a substantial part of the events or omissions giving rise to the claim" occurred in Beaumont, Texas, which is located within the Eastern District of Texas.[2] Further, there is no indication that any of the named defendants reside in this District. Accordingly, the United States District Court for the Eastern District of Texas, is a proper venue with jurisdiction over Plaintiff's claims. <u>See</u> 28 U.S.C. § 1402(b). Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1404(a) and in the interest of justice, this matter is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Beaumont Division, for further consideration. The Clerk is directed to transmit Plaintiff's file to the Clerk of Courts at the United States District Court for the Eastern District of Texas.

Plaintiff is hereby advised that this matter will be assigned a new case number and will be assigned to a new judicial officer by the Clerk's Office for the United States District Court for the Eastern District of Texas. The Clerk is directed to mail a copy of this Order to Plaintiff.

ENTER: September 29, 2022.

Omar J. Aboulhosn
United States Magistrate Judge

---

[2] The undersigned notes that this Court has neither made a determination concerning the merits of Plaintiff's Complaint, nor has the Court ordered a response from Defendants.